

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Luther C. Johnston
County Attorney
Anderson County
Palestine, Texas

Dear Sir:

Opinion No. 0-1716
Re: Right of the county judge to vote as a member of the county commissioners court.

Your request for an opinion on the question as is herein stated has been received by this department.

Your letter reads in part as follows:

"1. Does the county judge, as chairman of the commissioners' court, have a vote when there are only four members of the court present, including the judge, and two of the members vote for a proposition and one votes against it?

"2. May the members of the commissioners' court give the county judge, who is chairman of the court, the right to vote at all times just as any other member of the court?"

As we understand your questions you desire to know whether or not the county judge has the right to vote at all times just as any other member of the commissioners' court.

Section 18 of Article V of the Texas Constitution reads in part as follows:

"... Each county shall in like manner be divided into four commissioners' precincts in each of which there shall be elected by the qualified voters thereof one county commissioner, who shall hold his office for two years and until his successor shall be elected and qualified. The county commissioners so chosen, with the county judge, as presiding officer, shall compose the

Hon. Luther C. Johnston, Page 2

County Commissioners Court, which shall exercise such powers and jurisdiction over all county business, as is conferred by this Constitution and the laws of the State, or as may be hereafter prescribed."

Articles 2342 and 2343 of Vernon's Civil Statutes reads as follows:

"Art. 2342. The several commissioners, together with the county judge, shall compose the "Commissioners Court," and the county judge, when present, shall be the presiding officer of said court."

"Art. 2343. Any three members of the said court, including the county judge, shall constitute a quorum for the transaction of any business, except that of levying a county tax."

We refer you to an opinion of the Honorable R. V. Davidson, Attorney General of Texas, dated July 7, 1905, to Mr. George T. Todd, Jefferson, Texas, which passed upon the question of what constituted a quorum of the commissioners' court, and the right of the county judge to vote upon his successor, when the facts showed the county judge had resigned but his resignation had not been accepted. This opinion holds that the resignation of the county judge is not effective until accepted and his successor is qualified; that the county judge has a right to vote; that the county judge and two commissioners constitute a quorum except as to levying a tax; and that the county judge can vote upon his successor.

An excerpt from this opinion reads:

"You are, therefore, respectfully advised that, notwithstanding the county judge of your county has tendered his resignation as county judge, and in the law, he continues in office and is not released from his duties and responsibilities until a successor is appointed and qualified. Therefore, he and two of the commissioners constitute a quorum of the commissioners' court for the purpose of appointing his successor

and he has a right to vote on the appointment of his successor (opinions of the Attorney General, 1906-8)".

In a very lengthy and able opinion written March 15, 1935, by Hon. Anthony Maniscalco, Assistant Attorney General, passing upon the same question we now have under consideration this department held that the county judge is the presiding member of the commissioners' court and that this court is composed of five members, four commissioners and the county judge and each member, including the county judge, has the right to vote at any and all times and all rights incident thereto upon any question presented to the court.

We concur with the holding as stated in the above mentioned opinion and believe that it correctly construes the law regarding the question now under consideration.

It appears from all the authorities that we have examined that the county judge is an integral part of the commissioners' court and in none of the authorities, constitutional, statutory, or judicial interpretations is the right of such judge as a constituent member of the commissioners' court denied nor is his right to vote denied expressly or impliedly.

You are respectfully advised that it is the opinion of this department that the county judge enjoys equal voting rights with all of the other members of the commissioners' court which will include the right to make or second any motion and the right to vote whether there be a tie among the votes of other members of the court or not.

Trusting that the foregoing fully answers your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

NOV 29, 1939

Gerald C. Mann

By Ardell Williams

Ardell Williams
Assistant

AW:jm